**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

PHA′SHAWN MOORE,

    Movant,

v.

                           Cv. No. 2:17-cv-02404-SHM-tmp
                           Cr. No. 2:15-cr-20245-SHM-02

UNITED STATES OF AMERICA,

    Respondent.

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 1) filed by Movant, Pha′Shawn Moore, Bureau of Prisons ("BOP") register number 27692-076, an inmate at the United States Penitentiary ("USP Lee") in Jonesville, Virginia, and the Response of the United States. (ECF No. 7.) For the reasons stated below, Movant's § 2255 Motion is **DENIED**.

## I.    BACKGROUND

###     A.    Criminal Case No. 2:15-cr-20245-SHM-02

On September 24, 2015, a federal grand jury in the Western District of Tennessee returned a three-count indictment against Moore and two codefendants. (Criminal ("Cr.") ECF No. 1.) Moore was charged with possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g) (Count Two). (*Id.*) On February 4, 2016, Moore pled guilty to Count Two pursuant to a written plea agreement. (Cr. ECF 61, Cr. ECF 64.)

The factual basis for the charge is stated in the presentence report ("PSR"):

4. According to the investigative file, on May 24, 2015, officers with the Memphis Police Department ("MPD") received a call to 1405 Semmes regarding several males armed with guns. Officers pulled up and a white Ford Taurus bearing Mississippi tag #PAR-010 was blocking the entrance to the complex. The vehicle pulled to the rear of the complex as officers followed. Four suspects bailed out of the vehicle at which time officers observed the defendants Christopher Lockett, Anthony Stevenson, and Pha′Shawn Moore all armed with handguns. The defendants ran, but after a foot pursuit officers were able to catch the defendants and located five handguns at the location. Officers observed Stevenson throw three guns: a Springfield .45 caliber pistol serial #27005, containing 11 live rounds in the magazine; a Stoeger .40 caliber pistol serial #T6429-08-D031447, containing 12 live rounds in the magazine; and a Llama .45 caliber pistol serial #484947. Suspect Moore threw a Glock 9mm caliber pistol serial #WHE747, containing 29 live rounds in the extended magazine. Suspect Lockett was seen with a black handgun which was thrown in the vicinity. The gun was recovered and identified as a loaded Jimenez 9mm pistol serial #242756, containing 12 live rounds in the magazine.

5. A check of MPD records revealed that the Glock 9mm had been reported stolen from a previous theft and the value was $550.00. A check also revealed that Lockett, Stevenson, and Moore were felons and Lockett had an outstanding warrant for Violation of Parole (#15007369). Lockett, Stevenson, and Moore were taken into custody. A fourth subject Jeffery Hardin was not charged.

6. During an interview with investigators, Lockett advised that he was arrested by mistake and stated that he was not with the other guys. Per the government, according to Shelby County Jail recorded phone calls, Lockett admitted that he threw the Jimenez 9mm pistol.

7. Stevenson declined to say anything regarding a gun.

8. In a statement to investigators, Moore admitted to running, but denied he had a gun. Moore stated that he ran because he thought kidnappers were after him. According to Shelby County Jail recorded phone calls, Moore admitted that they ran from the scene and that he was in possession of a 9mm handgun with an extended clip. Moore stated that they had approximately five handguns.

9. According to the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an examination of the firearm possessed by Moore revealed it was not

>   manufactured in Tennessee and therefore, at some point traveled in interstate and/or foreign commerce.

(PSR ¶¶ 4-9.)

The plea agreement provided, in pertinent part:

>   The Defendant understands that pursuant to 18 U.S.C. § 924(e), if the Court finds that the defendant has three or more prior felony convictions for violent felonies or serious drug offenses, then the defendant is subject to the Armed Career Criminal Act ("ACCA"). If it is determined that the ACCA applies, the defendant may not withdraw his plea.
>
>   The government agrees to recommend that the defendant receive full credit for acceptance of responsibility pursuant to USSG § 3E1.1, contingent upon conditions.
>
>   The government agrees to recommend that the defendant be sentenced at the low end of the advisory guideline range.
>
>   The defendant understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range or lower. Further, defendant waives and gives up his right to challenge any conviction or sentence imposed or the manner in which the sentence is determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255. The waiver does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

(*Id.* at 2.) Moore signed the plea agreement. (Cr. ECF No. 64 at 4.)

The PSR calculated a criminal history category of VI and a total offense level of 28, resulting in an effective Guidelines range of 140 to 175 months. (PSR ¶¶ 25, 40, 76.) The statutorily authorized maximum sentence was ten years. (PSR ¶¶ 75-76.) Moore provided the following written statement to the probation officer:

I accept responsibility for 922(g) convicted felon with a firearm.

 (PSR ¶ 12.)

3

On May 25 and June 21, 2016, defense counsel filed objections to the contents of the PSR, including objections to the two-level enhancement for three or more firearms (PSR ¶ 15) and the two-level enhancement for creating a substantial risk of death or serious bodily injury (PSR ¶ 20). (Cr. ECF Nos. 83, 93.) During the sentencing hearing, counsel also raised an objection based on the holding of *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Cr. ECF No. 105 at 6-10.) On June 28, 2016, the Court conducted a sentencing hearing, sustained counsel's *Mathis* objection and the objection that the two-level enhancement for three or more firearms should not apply because of the lack of proof of concerted activity by the defendants, overruled Moore's third objection, accepted the PSR's findings of fact and conclusions of law with the exception of the two sustained objections, and accepted the plea agreement. (Cr. ECF Nos. 568-69.) The Court determined that Moore's total offense level was 23 and the applicable guideline range became 92 to 115 months. (Cr. ECF No. 105 at 11-12, 18.) The Court sentenced Moore to 92 months in prison. (Cr. ECF No. 97.) Moore received full credit for acceptance of responsibility. (*Id.*) Moore did not appeal.

### B. Case Number 17-2404-SHM-tmp

On June 12, 2017, Moore filed this § 2255 motion alleging that:

(1) counsel provided ineffective assistance by failing to object to the PSR;

(2) his convictions for domestic abuse were misdemeanors and should not have been counted for criminal history points; and

(3) his sentence was unconstitutional.

(ECF No. 1 at 4.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

4

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id*.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise those issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v.*

5

*United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).  Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley*, 523 U.S. at 622.

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").  "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response.  Rule 5(d), Section 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'"  *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).  "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his or her recollection of the prior case.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner.  In some cases, the judge's recollection of the events at issue may

6

enable him summarily to dismiss a § 2255 motion . . . ."). Defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. [*Strickland*, 466 U.S.] at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[1] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Strickland*, 466 U.S.] at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S. Ct. 2052.

---

[1] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland*, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

*Richter*, 562 U.S. at 104; *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." (citing *Strickland*, 466 U.S. at 694)).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052.

*Richter*, 562 U.S. at 105.

### III.   ANALYSIS

Moore has not met the prejudice prong for his claim of ineffective assistance because he does not allege that, "but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moore does not deny his guilt. He seeks a lesser sentence.

### A. Issue One

Moore contends that counsel failed to object to the PSR and counsel's failure to object resulted in a longer prison sentence. (ECF No. 1 at 4.) The United States responds that Moore's allegations are factually incorrect and that this issue is without merit. (ECF No. 7 at 5-6.)

*Strickland*'s two-part test applies to claims that counsel was ineffective at sentencing. *See Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007). To meet the prejudice prong in the sentencing context, a petitioner must show a reasonable probability that, but for counsel's deficient performance, he would have received a lower sentence. *Id.* (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

The record demonstrates that Moore's allegation that counsel failed to object to the PSR is incorrect, *supra* at pp. 3-4. Counsel's objections resulted in a five-level reduction in Moore's total offense level and a lower applicable guidelines range. *Id.* Counsel's performance benefitted Moore. Issue One is without merit and is **DENIED**.

### B. Issue Two

Moore contends that his prior convictions for domestic abuse were misdemeanors and should not have been counted as criminal history points. (ECF No. 1 at 4.) The United States responds that this issue is noncognizable on collateral review. (ECF No. 7 at 7-8.)

The Sixth Circuit has held that non-constitutional challenges to an advisory guidelines range are unavailable on collateral review in the § 2255 context. *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018). Other courts have generally agreed that advisory guideline errors cannot be fundamental defects warranting collateral relief. *United States v. Foote*, 784 F.3d 931,

939 (4th Cir. 2015) ("[M]isapplication of the sentencing guidelines does not amount to a miscarriage of justice." (citation omitted)); *Spencer v. United States*, 773 F.3d 1132, 1139–42 (11th Cir. 2014) (en banc); *Hawkins v. United States*, 706 F.3d 802, 822–25 (7th Cir. 2013); *see also SunBear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc) (holding that even mandatory guideline errors are not fundamental defects).

Moore's non-constitutional challenge to his advisory guidelines sentence is not cognizable under § 2255.  Issue Two is **DENIED**.

### C.    Issue Three

Moore alleges that his sentence is unconstitutional.  (ECF No. 1 at 4.)  Specifically, Moore alleges that "this conviction being unauthorized by or inconsistent.  I would not have a mandatory minimum in my plea agreement at all." (*Id.*)  The United States responds that Moore was not subject to a mandatory minimum sentence and that he provides no factual basis to support his allegations.  (ECF No. 7 at 8-9.)

Moore was not subject to a mandatory minimum sentence.  Absent any factual support, Moore's conclusory allegation that his sentence is unconstitutional is insufficient to support a request for relief under § 2255.  Generally, "conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255."  *See Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (citing *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir.2012) (citing *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994)); *see also Lynn v. United States*, 365 F.3d 1225, 1238 (11th Cir.2004) (holding that a § 2255 motion failed on the merits when the motion was supported by affidavits containing "nothing more than conclusory allegations").  Issue Three is **DENIED**.

## IV.     CONCLUSION

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Defendant's conviction and sentence are valid and, therefore, his motion is **DENIED**.  Judgment shall be entered for the United States.

## V.      APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.  The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2), (3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).  In this case, for the reasons previously stated, Movant's claims lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ.  The Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**. If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

**IT IS SO ORDERED,** this 5th day of August 2020.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE